IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOSE FERNANDEZ**                                                               **PETITIONER**

v.                                                    **CIVIL ACTION NO. 3:24-cv-427-KHJ-MTP**

**WARDEN WINGFIELD**                                          **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241 filed by Jose Fernandez. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petition [1] be DISMISSED with prejudice.

## BACKGROUND

Having been convicted of possession with intent to distribute methamphetamine and conspiracy to do the same, Petitioner was sentenced on July 18, 2016, in the United States District Court for the Northern District of California to a 165-month term of imprisonment. *See* [6-1] at 2. This action arises from Petitioner's incarceration at the Federal Correctional Complex in Yazoo City, Mississippi.

On September 27, 2023, Supervisor of Education Terry Lee observed Petitioner place a cellphone in his pants. *See* [6-3] at 1; [6-5]. Lee ordered Petitioner to hand over the cellphone, and Petitioner handed Lee a black Samsung cellphone. *Id*.

Later that day, Lee prepared an Incident Report charging Petitioner with possessing a hazardous tool in violation of Bureau of Prisons ("BOP") Prohibited Act Code 108. *Id*. Officer Erne delivered the Incident Report to Petitioner that same day. *See* [6-3] at 1.

1

The matter was referred to the Unit Disciplinary Committee, which referred it to a Disciplinary Hearing Officer. *Id*. at 2-3. On October 2, 2023, the Hearing Officer conducted a disciplinary hearing. *See* [6-2]. During the hearing, the Hearing Officer considered the Incident Report prepared by Lee, photographs, and a chain of custody log. *Id*. at 2-3. The Hearing Officer also considered Petitioner's answer of "no comment," when asked if he committed the prohibited act. *Id*. at 3.

Based on the evidence, the Hearing Officer found Petitioner violated Code 108 by possessing a cellphone and imposed the following sanctions: the disallowance of 41 days of good-time credit and the loss of telephone privileges for 6 months. *Id*. Petitioner unsuccessfully challenged the Hearing Officer's decision through the BOP's administrative remedies process.

On July 22, 2024, Petitioner filed the instant habeas petition under 28 U.S.C. § 2241. Petitioner raises three grounds for relief. First, Petitioner argues that he was denied due process and unable to prepare a defense because he was not provided a copy of the original Incident Report. Second, Petitioner argues that the Incident Report contains erroneous information. Third, Petitioner argues that he was denied due process when officials failed to respond to his grievances submitted through the administrative remedies process. As relief, Petitioner requests that the Court revoke the Incident Report and overturn the disciplinary sanctions.

Respondent filed a Response [6] in opposition, and Petitioner filed a Reply [7].

**ANALYSIS**

**Due Process**

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, where an inmate is punished with the loss of good-time credit,

2

as is the case here, he is entitled to certain due process. In such cases, due process is satisfied when the inmate receives a finding from an impartial decision maker and is given: (1) written notice of the charges at least 24 hours prior to the proceedings, (2) an opportunity to present documentary evidence and testimony from witnesses, and (3) a written statement of the evidence relied on and the reasons for the disciplinary action. *Id*. at 564-70. Even where due process is not provided, habeas relief is not warranted unless the prisoner demonstrates that he was prejudiced by the violation. *See Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997).

As previously mentioned, Petitioner argues that he was deprived of due process in three ways: he was not provided a copy of the original Incident Report, the Incident Report contains erroneous information, and officials failed to respond to his grievances submitted through the administrative remedies process.

*Original Incident Report*

The Incident Report which was provided to Petitioner prior to disciplinary hearing provides the following incident description:

> This is a Re-Write.
> At approximately 6:02 p.m. while making IDO rounds in C4 unit, I observed Inmate FERNANDEZ, JOSE, #18568-111 standing in a cubicle and placing a Black Samsung cell phone inside his pants. I gave inmate FERNANDEZ, JOSE, 18568-111 a direct order to hand me the object and he handed me a Black Samsung cell phone Nano 6470C with number 890128033206402 on the Sim Card. I escorted him to cubicle 14 in C4 unit to retrieve his ID card and then escorted him to the Lieutenant's office.

*See* [6-3] at 1.

Seizing on the phase, "This is a Re-Write," Petitioner argues that the original Incident Report, which he was not provided, "may have had significant information" and "would have been useful in his preparation of a defense." *See* [1] at 7.

3

Along with his Response [6], Respondent submitted a declaration from Lee—the officer who prepared the Incident Report—stating:

> The incident report required a re-write as the incident report did not sufficiently contain an appropriate description of the cellphone I observed and seized from the Plaintiff[] on September 27, 2023. I corrected the incident report to reflect a more specific description of the cell phone obtained from the Plaintiff which was the basis of the alleged disciplinary violation.

[6-5] at 2.

Respondent also submitted the initial draft of the Incident Report, which provides the following incident description:

> At approximately 6:02 p.m. while making IDO rounds in C4 unit, I observed Inmate FERNANDEZ, JOSE, #18568-111 standing in a cubicle and placing a cell phone inside his pants. I gave inmate FERNANDEZ, JOSE, 18568-111 a direct order to hand me the object and he handed me a Black Samsung phone Nano 6470C with number 890128033206402 on the Sim Card. I escorted him to cubicle 14 to retrieve his ID card and then escorted him to the Lieutenant's office.

*See* [6-6] at 1.

Pursuant to *Wolff*, Petitioner was entitled to written notice of the charges against him prior to the disciplinary hearing. *See* 418 U.S. at 556. Petitioner does not dispute that he received the Incident Report on September 27, 2023—5 days prior to the disciplinary hearing. Petitioner, however, argues that BOP policy did not authorize a re-write of the Incident Report. But, "a prison official's failure to follow the prison's own policies . . . does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

Petitioner also argues that he was entitled to the initial draft of the Incident Report prior to the hearing. This is not among the requirements articulated by the Supreme Court in *Wolff*. Thus, Petitioner was not deprived of due process.

4

Furthermore, even if Petitioner were entitled to the initial draft of the Incident Report, Petitioner has failed to demonstrate that he was prejudiced by not receiving it. *See Hallmark*, 118 F.3d at 1080. Lee's re-write changed little in the Incident Report. It did nothing more than add a second reference to "Black Samsung," add "cell" in front of phone, and add a second reference to "in C4 unit." Despite Petitioner's conclusory assertions, the initial draft does not contain "significant information," which cannot also be found in the final draft of the Incident Report.

*Erroneous Information*

In the Incident Report, Officer Lee stated that the subject incident occurred in the C4 housing unit and that he escorted Petitioner to cubicle 14 in the C4 housing unit to retrieve his identification card. *See* [6-3] at 1. Petitioner argues that this is incorrect. According to Petitioner, he was housed in cubicle 1 in the C3 housing unit at the time of the incident. *See* [7] at 1. Petitioner also argues that the time of the incident noted in the Incident Report ("1801 hrs") is incorrect.

Even if the Incident Report contains incorrect information concerning the time and place of the incident, Petitioner was not deprived of due process. To satisfy the requirements of due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564.

The Incident Report delivered to Petitioner did just that. The Incident Report provided sufficient detail to put Petitioner on notice of the alleged violation. It listed the rule Petitioner violated, provided the name of the officer (Terry Lee) who seized the cellphone from Petitioner, described the interaction between Lee and Petitioner, and specifically described the cellphone ("Black Samsung phone Nano 6470C with number 890128033206402 on the Sim Card") which

5

was seized. Additionally, the Incident Report was delivered to Petitioner on the same day that the cellphone was seized.

Nothing in the record demonstrates that Petitioner was unaware of or confused about the conduct at issue or when and where the conduct took place. He does not claim that he was defending against multiple charges of cellphone possession. The Incident Report provided Petitioner an opportunity to marshal the facts and prepare a defense. *See Oldham v. Galipeau*, 2024 WL 1466542, at *3 (S.D. Ind. Apr. 3, 2024) ("Any error in identifying the location does not mean that the conduct report did not provide [petitioner] enough information to prepare his defense."); *Walls v. Dretke*, 2006 WL 1715770, at *10 (S.D. Tex. June 20, 2006) ("There is abundant support in the record for the conclusion that Petitioner was notified and knew the factual basis of the disciplinary charge against him despite the incorrect date in the charging instrument.").

<u>Administrative Remedies Process</u>

Finally, Petitioner argues that he was deprived of due process when officials failed to respond to his grievances submitted through the administrative remedies process. As a prisoner, however, Petitioner "does not have a constitutional right to a grievance procedure at all, and he has no due process liberty interest in having his grievances resolved to his satisfaction." *Staples v. Keffer*, 419 Fed. Appx. 461, 463 (5th Cir. 2011) (citing *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005)). Additionally, as previously mentioned, the failure to follow prison policy does not constitute a due process violation. *Myers*, 97 F.3d at 94.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DENIED and this action be DISMISSED with prejudice.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 4th day of March, 2025.

s/Michael T. Parker  
UNITED STATES MAGISTRATE JUDGE