UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSE FERNANDEZ                                                                    PETITIONER

V.                                          CIVIL ACTION NO. 3:24-CV-427-KHJ-MTP

WARDEN UNKNOWN WINGFIELD                                              RESPONDENT

ORDER

Before the Court is the [9] Report and Recommendation of United States Magistrate Judge Michael T. Parker. For the following reasons, the Court adopts the [9] Report and dismisses the [1] Petition for Writ of Habeas Corpus with prejudice.

I.      Background

The [9] Report first addresses the facts. Pro se Petitioner Jose Fernandez ("Fernandez") was sentenced in July 2016 in the United States District Court for the Northern District of California to a 165-month sentence for possession with intent to distribute methamphetamine and conspiracy to do the same. [9] at 1; [1] at 1.

In September 2023, while incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi, the Supervisor of Education observed Fernandez place a cell phone in his pants. [9] at 1. The Supervisor confiscated the cell phone and prepared an incident report "charging [Fernandez] with possessing a hazardous tool in violation of Bureau of Prisons ('BOP') Prohibited Act Code 108." *Id.* The next

month, there was a disciplinary hearing regarding the incident; Fernandez offered

"'no comment' when asked if he committed the prohibited act." *Id.* at 1–2; *see also*

Discipline Hearing Officer Report [6-2] at 3. The Hearing Officer concluded that

Fernandez violated Code 108, and so he imposed sanctions, which included "the

disallowance of 41 days of good-time credit and the loss of telephone privileges for

[six] months." [9] at 2; [6-2] at 3.

Following an unsuccessful challenge to the Hearing Officer's decision,

Fernandez filed the instant habeas [1] Petition in July 2024. [9] at 2; *see also* [1]. In

it, Fernandez raises three arguments for relief: (1) "he was denied due process and

unable to prepare a defense because he was not provided a copy of the original

Incident Report"; (2) "the Incident Report contains erroneous information"; and (3)

"he was denied due process when officials failed to respond to his grievances

submitted through the administrative remedies process." [9] at 2. So Fernandez

requests both the revocation of the Incident Report and the withdrawal of the

disciplinary sanctions. *Id.*

II.   Analysis

The [9] Report recommends dismissing the [1] Petition with prejudice.

It first explains that when "an inmate is punished with the loss of good-time

credit, . . . he is entitled to certain due process." [9] at 2–3. Due process is satisfied

when the inmate receives a finding from an impartial decision maker and is

granted: "(1) written notice of the charges at least 24 hours prior to the proceedings,

(2) an opportunity to present documentary evidence and testimony from witnesses,

2

and (3) a written statement of the evidence relied on and the reasons for the disciplinary action." *Id.* at 3 (citing *Wolff v. McDonnell*, 418 U.S. 539, 564–70 (1974)). But even when "due process is not provided, habeas relief is not warranted unless the prisoner demonstrates that he was prejudiced by the violation." [9] at 3 (citing *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997)).

First, Fernandez was not denied due process when he was not given the original incident report. *See* [9] at 3–5. But even if he was, he has not shown that he was prejudiced by not receiving it. *See id.* at 5. He was "entitled to written notice of the charges against him prior to the disciplinary hearing." *Id.* at 4; *see also Wolff*, 418 U.S. at 564. And he was given just that; the constitutional minimum is met.

Next, Fernandez was not denied due process when the Incident Report contained the incorrect time and location of the incident. *See* [9] at 5–6. The Incident Report still provided Fernandez with sufficient notice of the charges against him and "an opportunity to marshal the facts and prepare a defense." *Id.* at 6; *see also Wolff*, 418 U.S. at 564.

Finally, Fernandez was not denied due process when officials failed to respond to his grievances submitted through the administrative remedies process. [9] at 6. As a prisoner, Fernandez is not entitled to grievance procedure; he has "no due process liberty interest in having his grievances resolved to his satisfaction." *Id.* (quoting *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011) (per curiam)).

When no party objects to a Magistrate Judge's report, the Court need not review it de novo. *See* 28 U.S.C. § 636(b)(1). Rather, the Court can apply the clearly

erroneous, abuse-of-discretion, and contrary-to-law standard of review. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). The Court need not "reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam).

The [9] Report notified Fernandez that his failure to file written objections would bar further appeal in accordance with 28 U.S.C. § 636(b)(1). [9] at 7. Fernandez failed to object to the [9] Report's findings or conclusions, and the time to do so has passed. The [9] Report is not clearly erroneous or contrary to law. So the Court adopts the [9] Report in its entirety as the opinion of this Court.

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, the Court ADOPTS Magistrate Judge Michael T. Parker's [9] Report and Recommendation and DISMISSES Petitioner Jose Fernandez's [1] Petition with prejudice. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 2nd day of April, 2025.

                                       s/ *Kristi H. Johnson*
                                       UNITED STATES DISTRICT JUDGE